**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Timothy James MATTESON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 16, 2014.

Filed July 18, 2014.

Brent A. Petrosky, Public Defender, Lock Haven, for appellant.

Andy J. Watson, Assistant District Attorney, Coudersport, for Commonwealth, appellee.

BEFORE: PANELLA, JENKINS and MUSMANNO, JJ.

OPINION BY MUSMANNO, J.:

Timothy James Matteson ("Matteson") appeals from the judgment of sentence imposed following his convictions of one count each of aggravated indecent assault of a child less than 13 years of age, indecent assault of a person less than 13 years of age and corruption of minors.[1] We affirm.

Following a jury trial, Matteson was found guilty of the above-mentioned crimes. The trial court sentenced Matteson to 120 to 240 months in prison on the aggravated indecent assault of a child conviction,[2] following the Commonwealth's request for the mandatory minimum sentence of 10 years under 42 Pa.C.S.A. § 9718(a)(3).[3]

Matteson filed a timely Notice of Appeal. The trial court ordered Matteson to file a Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement. Matte-

---

**1.** *See* 18 Pa.C.S.A. §§ 3125(b), 3126(a)(7) and 6301(a)(1)(i).

**2.** The aggravated indecent assault and indecent assault charges merged for sentencing purposes. *See* Order of Sentence, 1/29/14, at 1. Matteson was also sentenced to 3 to 6 months in prison on the corruption of minors charge, to be served concurrently to the aggravated indecent assault sentence. *Id.*

**3.** Section 9718 states the following, in relevant part:

   (a) **Mandatory sentence.—**

         \*     \*     \*

   (3) A person convicted of the following offenses shall be sentenced to a mandatory term of imprisonment as follows: 18 Pa.C.S.A. § 3125(b)—not less than 10 years.

         \*     \*     \*

   (c) **Proof at sentencing.**—The provisions of this section shall not be an element of the crime, and notice of the provisions of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

         \*     \*     \*

42 Pa.C.S.A. § 9718(a)(3) and (c).

son filed a timely Concise Statement and the trial court issued an Opinion.

On appeal, Matteson raises the following questions for our review:

I. Where a [trial] court sentences [a defendant] pursuant to a Commonwealth request to sentence to the mandatory minimum statute, is such a sentence proper in light of *Alleyne v. United States* [—— U.S. ——], 133 S.Ct. 2151 [186 L.Ed.2d 314] (2013)?

II. Where a [trial] court sentences [a defendant] pursuant to a Commonwealth request to sentence to the mandatory minimum[,] is such a statute constitutional in light of [*Alleyne* ]?

Brief for Appellant at 3.

In his first claim, Matteson contends that, pursuant to *Alleyne,* any fact that triggers a mandatory minimum sentence provision must be found beyond a reasonable doubt by a jury, and not by a judge. *Id.* at 6–9. He claims that, because his mandatory minimum sentencing factors were not submitted to a trier of fact, his sentence violates his rights under the Sixth and Fourteenth Amendments, and his judgment of sentence should be vacated and the case remanded for re-sentencing. *Id.* at 9.

■ A mandatory minimum sentencing claim that invokes the reasoning of *Alleyne* implicates the legality of the sentence. *Commonwealth v. Munday,* 78 A.3d 661, 664 (Pa.Super.2013). "A challenge to the legality of the sentence may be raised as a matter of right, is non-waivable, and may be entertained so long as the reviewing court has jurisdiction." *Commonwealth v. Robinson,* 931 A.2d 15, 19–20 (Pa.Super.2007) (*en banc* ).

In *Alleyne,* the United States Supreme Court held the following:

Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Alleyne,* 133 S.Ct. at 2155.

■ "The *Alleyne* decision ... renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard." *Commonwealth v. Watley,* 81 A.3d 108, 117 (Pa.Super.2013) (*en banc* ) (footnote omitted); *see also id.* at 117 n. 4 (wherein this Court lists the statutes, including section 9718, that are unconstitutional due to the *Alleyne* decision).

■ However, the Sixth Amendment concerns present in *Alleyne* are not implicated in this case. Here, Matteson was charged with aggravated indecent assault of a child, which requires, *inter alia,* that the victim is less than 13 years of age. *See* 18 Pa.C.S.A. § 3125. The victim testified that she was 11 years old at the time of the incident. N.T., 10/28/13, at 1. The jury received an instruction that it was required to find that the victim was less than 13 years of age. Trial Court Opinion, 3/4/14, at 4. Therefore, by finding Matteson guilty of aggravated indecent assault of a child beyond a reasonable doubt, the jury specifically found the element required to impose the mandatory minimum sentence. *See Watley,* 81 A.3d at 121 (concluding that the appellant's mandatory minimum sentence under section 9712.1 was not illegal under *Alleyne* because the jury, by virtue of its verdict of guilty on the possession of firearms charges, rendered a specific finding as to whether the

appellant possessed the handguns). Thus, the requirements of *Alleyne* have been met, and Matteson's claim is without merit.

In his second claim, Matteson contends that the mandatory minimum provisions of 42 Pa.C.S.A. § 9718 are unconstitutional. Brief for Appellant at 9–10.

As noted above, the language that increases a defendant's sentence based on a preponderance of the evidence standard in section 9718 has been found unconstitutional. *See Watley,* 81 A.3d at 117. However, since the jury found that the Commonwealth proved every element of aggravated indecent assault of a child beyond a reasonable doubt, including a victim under the age of 13, the trial court properly imposed the mandatory minimum sentence.

Judgment of sentence affirmed.