J-S46030-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANK BAILEY | |
| Appellant | No. 2225 MDA 2013 |

Appeal from the Judgment of Sentence October 11, 2013
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003342-2012

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 26, 2014**

Frank Bailey appeals from his judgment of sentence, entered in the Court of Common Pleas of Lancaster County, after being found guilty by a jury of delivery of cocaine.[1]  Bailey was sentenced to a 2-4 year[2] mandatory minimum sentence, based upon the Drug-Free School Zone statute, 18 Pa.C.S. § 6317.   After careful review, we vacate and remand for resentencing.

The instant charge arose from Bailey's alleged delivery of cocaine to a confidential informant (CI) on the evening of December 6, 2011.  The CI had

_____

[1] 35 P.S. § 780-113(a)(30).

[2] Bailey's sentence falls within the aggravated-range for his offense (based upon an offense gravity score of 6 and a prior record score of 3) under the Sentencing Guidelines.

been working with members of the Selective Enforcement Unit (SEU) of the Lancaster City Bureau of Police who were operating "buy-walks."[3] Instantly, the police provided $40 in buy money to the CI, who placed a phone call to an individual identified as "JuJu" and set up a meeting to purchase crack cocaine. A few minutes after the CI confirmed the meeting with JuJu, a green Dodge Caravan entered the prearranged buy area where the CI approached the vehicle as a police officer stood on the sidewalk approximately 25 feet away from the minivan to clearly observe the transaction. The officer observed a black male climb out of the driver's side door, walk to the rear of the vehicle and engage in a hand-to-hand transaction with the CI.

Soon after the controlled buy, another officer, in full uniform and driving a marked police cruiser, stopped the green minivan in a nearby Turkey Hill Convenience Store parking lot, spoke to the driver and identified the passenger of the van as Bailey. Bailey, who was positively identified by the police officer who observed the transaction, was charged with one count of delivery of a controlled substance. Included in the criminal complaint, bill of information and affidavit of probable cause was the allegation that the crime occurred within a school zone.

_____

[3] In a "buy-walk," a CI would purchase narcotics from a street-level drug dealer, after which an unrecognized dealer would be stopped by the police in a marked car and asked for identification.

After the first day of a two-day trial, the parties stipulated on the record, but outside of the presence of the jury, that the drug delivery occurred within 1,000 feet of a school. N.T. Jury Trial, 8/15/13, at 76-77.[4] At the close of the second day of trial, the Commonwealth called Officer Robert Whiteford as a witness. Officer Whiteford was the secondary surveillance officer on duty at the time of the controlled buy involving Bailey. Officer Whiteford's duties included watching the CI at all times and generally assisting in the operation of the buy-walk detail. Officer Whiteford, sitting in his car approximately 25 feet from the minivan during the delivery, was in radio contact with the undercover officer standing across from the intersection where the controlled buy occurred. Officer Whiteford, referring to a map entered at trial as an exhibit, testified that the controlled buy

_____

[4] In his opening statement to the jury, the assistant district attorney stated:

> Now, ladies and gentlemen, you've heard the Judge tell you that the charge here is one. It's delivery of a controlled substance. Now, the elements of this crime are that the Commonwealth must prove that the defendant, Frank Bailey, delivered – which is just another word for gave, sold, tracked, doesn't matter, any handling of something to another individual – a controlled substance, in this case the controlled substance is cocaine, **and that he did this within a school zone.**
>
> **Now, you're going to hear – you're going to see a map and we're going to explain to you what exactly the school zones are. But that's just a brief explanation of what the elements are.**

N.T. Jury Trial, 8/15/13, at 30 (emphasis added).

involving Bailey occurred within a school zone. N.T. Jury Trial, 8/16/13, at 118.

At the close of trial, the jury found Bailey guilty of delivery of cocaine;[5] the jury verdict, however, made no finding regarding whether the drugs were delivered in a school zone. Verdict, 8/15/13. On October 11, 2013, sentencing was held in the case; however, because Bailey did not appear at the hearing, sentencing was conducted *in absentia*.[6] Prior to imposing sentence, defense counsel objected to application of the two-year mandatory minimum under section 6317, arguing that it was improperly applied by the court because the jury had made no finding as to whether the offense occurred in a school zone. The trial court imposed a 2 to 4 year sentence of imprisonment based upon the mandatory minimum sentence under section 6317 and the guidelines, imposing a six-month aggravating factor.[7] Bailey filed unsuccessful post-sentence motions. This timely appeal followed.

On appeal, Bailey presents the following two issues for our consideration:

_____

[5] The cocaine delivered weighed approximately .12 grams.

[6] Defense counsel acknowledged that notice of sentencing was sent to Bailey's last known address.

[7] *See* N.T. Sentencing Hearing, 10/11/13, at 8 ("The two year sentence is based on two things: Number one, the mandatory minimum. . . . But also, the guidelines. I consider this to be an aggravated offense because this is the second time he's been convicted of this exact same offense. He was not doing it to feed a habit but rather for pure economic gain.").

- 4 -

(1) Did the trial court illegally sentence Mr. Bailey to a mandatory minimum of two years['] incarceration pursuant to 18 Pa.C.S. § 6317, where the jury did not make a specific finding that Mr. Bailey committed the offense in a school zone, as require by *Alleyne v. United States*, 133 S.Ct. 2151 (2013)?

(2) Did the trial court abuse its discretion by imposing a minimum sentence of two years['] incarceration, a sentence at the top of the aggravated range of the sentencing guidelines, without legitimate basis?

Pursuant to 18 Pa.C.S. § 6317 (Drug-free school zones):

§ 6317. Drug-free school zones.

(a) General rule. --A person 18 years of age or older who is convicted in any court of this Commonwealth of a violation of section 13(a)(14) or (30) of the act of April 14, 1972 (P.L.233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, shall, if the delivery or possession with intent to deliver of the controlled substance occurred within 1,000 feet of the real property on which is located a public, private or parochial school or a college or university or within 250 feet of the real property on which is located a recreation center or playground or on a school bus, **be sentenced to a minimum sentence of at least two years of total confinement**, notwithstanding any other provision of this title, The Controlled Substance, Drug, Device and Cosmetic Act or other statute to the contrary.

18 Pa.C.S. § 6317(a) (emphasis added). A trial court has no authority to impose upon a defendant a lesser sentence than that provided in section 6317(a). *Id.* §6317(c).

The provisions of section 6317 "shall not be an element of the crime." *Id.* § 6317(b). Rather, the Commonwealth must give a defendant reasonable notice, after conviction and before sentencing, of its intention to proceed under section 6317. *Id.* The court shall determine, by a

preponderance of the evidence at sentencing, whether section 6317 applies based upon evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence. *Id.*

Bailey argues that pursuant to the United States Supreme Court's recent decision, ***Alleyne v. United States***, 133 S.Ct. 2151 (2014), the issue of whether Bailey delivered drugs within 1,000 feet of a school zone is an element of the underlying offense that must be proven, beyond a reasonable doubt, by the factfinder. In ***Alleyne***, a case concerning the application of a federal mandatory minimum statute, the Supreme Court held that any fact that triggers an increase in the mandatory minimum sentence for a crime is necessarily an element of the offense. ***Id.*** at 2163-64. The Supreme Court reasoned that "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime" and consequently that the Sixth Amendment requires that every element of the crime, including any fact that triggers the mandatory minimum, must be alleged in the charging document, submitted to a jury, and found beyond a reasonable doubt. ***Id.*** at 2160-64.

In ***Commonwealth v. Munday***, 78 A.3d 661 (Pa. Super. 2013), our Court recently discussed the application of ***Alleyne*** to this Commonwealth's mandatory minimum statutes:

> This term, in ***Alleyne***, the United States Supreme Court expressly overruled ***Harris***, holding that any fact that increases the mandatory minimum sentence for a crime "is 'an element'

that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S.Ct. at 2155, 2163. The *Alleyne* majority reasoned that "[w]hile Harris limited *Apprendi* to facts increasing the statutory maximum, the principle applied in *Apprendi* applies with equal force to facts increasing the mandatory minimum." *Alleyne*, 133 S.Ct. at 2160. This is because "[i]t is impossible to dissociate the floor of a sentencing range from the penalty affixed to the crime[,]" and "it is impossible to dispute that facts increasing the legally prescribed floor aggravate the punishment." *Id.* at 2161. Thus, "[t]his reality demonstrates that the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to the jury." *Id.*

*Id.* at 665. In *Munday*, the Court held that even where a statute specifically stated that its "provisions . . . shall not be an element of the crime," the sentencing factor at issue still had to be determined by the factfinder, beyond a reasonable doubt. *Id.* at 666. Thus, the Court found that the defendant's sentence, which imposed the mandatory minimum sentence under section 9712.1 (sentences for certain drug offenses committed with firearms), violated the Due Process Clause of the Fourteenth Amendment and the jury trial guarantee of the Sixth Amendment. As a result, the Court vacated the defendant's judgment of sentence and remanded for resentencing. *Id.* at 667.

The principles announced in *Alleyne*, as interpreted by our Court in *Munday*, are equally applicable to the instant issue of whether evidence that the delivery of drugs occurred within 1,000 feet of a school zone must go before a factfinder, and be found beyond a reasonable doubt, before the mandatory minimum sentence under section 6317 can be applied to a

defendant's sentence. In fact, the "Proof at sentencing" language found in sections 6317(c) (Drug-free school zones) and 9712.1(c) (sentences for drug offenses committed with firearms in *Munday*) is identical. However, unlike the facts in *Munday*, here the parties stipulated at trial that the drug delivery occurred within 1,000 feet of a school. Specifically, the following exchange took place on the record, after the jury retired:

> **The Court:** All right. **Are we going to have a stipulation on the school zone or is there going to be testimony and I need to have that part of the verdict slip?**
>
> **Assistant Public Defender: We'll stipulate that it did occur within 1,000 feet of a school.**
>
> **The Court:** If it occurred, it occurred within a thousand feet.
>
> **Assistant Public Defender:** I just want to be clear we're not agreeing this happened, though, within 250 feet of a primary or secondary school, which would invoke any enhanced guidelines, though. I probably would refer to – whether the school zone mandatory –
>
> **Assistant District Attorney:** I would have no problem with the verdict slip just saying within a thousand feet.

N.T. Jury Trial, 8/15/13, at 76 (emphasis added).

Despite defense counsel's stipulation, at sentencing on October 11, 2013, Bailey's attorney informed the court that he had done additional legal research and now believed that the issue of whether the drug delivery occurred within 1,000 feet of a school was something that needed to be submitted to a jury pursuant to *Alleyne*. N.T. Sentencing, 10/11/13, at 5. Specifically, counsel claimed that his client never waived the right for the jury to consider whether the drug delivery occurred within the proscribed

distance from a school under section 6317, that the issue goes to the legality of Bailey's sentence, and, thus is non-waivable. We are constrained to agree.

A mandatory minimum sentencing claim that invokes the reasoning of **Alleyne** implicates the legality of the sentence. **Munday**, 78 A.3d at 664; **Commonwealth v. Robinson**, 931 A.2d 15, 19-20 (Pa. Super. 2007) (en banc). "A challenge to the legality of the sentence may be raised as a matter of right, is non-waivable, and may be entertained so long as the reviewing court has jurisdiction." **See Commonwealth v. Foster**, 960 A.2d 160 (Pa. Super. 2008), **aff'd**, 17 A.3d 332 (Pa. 2011). Here, even the Commonwealth concedes that the school zone mandatory minimum is not applicable because the jury did not specifically find that Bailey had committed the offense in a school zone. Commonwealth's Brief, at 1. **Compare Commonwealth v. Matteson**, 2014 PA Super 149 (Pa. Super. filed July 18, 2014) (where jury made specific finding regarding victim's age, imposition of mandatory minimum on conviction for aggravated indecent assault of child less than 13 years of age did not violate Sixth Amendment under **Alleyne**); **Watley**, 81 A.3d 108 (Pa. Super. 2013) (where jury found defendant possessed firearms based on other convictions related to same incident, factual predicates for determining mandatory minimum under section 9712.1 (drug offenses committed with firearms) were proven to jury beyond reasonable doubt; sentence was not illegal under **Alleyne**). Despite the fact that the assistant district attorney stated to the jury in his closing

argument that "I have to prove to you that this occurred in a school zone," N.T. Jury Trial, 8/16/13, at 143, he also indicated that there was an agreement by the parties on this issue, and the jury was never asked to determine that issue when rendering its verdict on the underlying drug offense. Neither the parties, by way of stipulation, nor the trial judge, could take this issue away from the jury, as the finder of fact, under the dictates of *Alleyne*.

Because the determination of whether "the delivery . . . of the controlled substance occurred within 1,000 feet of the real property on which is located a . . . school" under section 6317 was treated as a "sentencing factor" rather than "an element" of the underlying drug offense, *Munday*, 78 A.3d at 666, the imposition of the mandatory sentencing provision of section 6317 violated the rule in *Apprendi* as interpreted by *Alleyne*. Accordingly, that portion of Bailey's sentence violated the Due Process Clause of the Fourteenth Amendment and the jury trial guarantee of the Sixth Amendment, and must be vacated. *Munday*, *supra*.

Because we have vacated the portion of Bailey's sentence that applied the mandatory minimum sentence under section 6317, the sentencing scheme has been upset. Accordingly, we must remand the case to the trial court for resentencing.[8]

---

[8] We instruct the trial court, upon remand, that it is not to consider section 6317's mandatory minimum when it resentences Bailey. We contrast this
*(Footnote Continued Next Page)*

- 10 -

Judgment of sentence vacated.[9]  Case remanded for resentencing,[10] in accordance with the dictates of this decision.  Jurisdiction relinquished.

SHOGAN, J., concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2014

*(Footnote Continued)* ————————————

with pre-***Alleyne*** procedure when the Commonwealth failed to present sufficient 6317 evidence before the trial judge at sentencing and was permitted to put new evidence before the re-sentencing court.  ***Compare Commonwealth v. Wilson***, 934 A.2d 1191 (Pa. 2007) (pre-***Alleyne***, Commonwealth permitted to present sentence enhancement evidence at sentencing hearing on remand after original sentence vacated due to insufficient evidence supporting application of enhancement; no double jeopardy concerns implicated and vacation of  original sentence allows court to treat case anew for evidentiary purposes).  We do note, however, that upon resentencing a court may look to other factors not previously enumerated since the trial court will be free to impose an entirely new sentence.

[9] Bailey's underlying conviction for delivery of cocaine under 35 P.S. § 780-113(a)(30), however, shall remain undisturbed.

[10] Having determined that the sentencing scheme is upset and we must remand the case to the trial court for resentencing, ***see Commonwealth v. Sutton***, 583 A.2d 500 (Pa. Super. 1990), we find Bailey's second issue regarding the discretionary aspect of his sentence moot.