J-A26024-14

2014 PA Super 288

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATHEW BRYAN WOLFE | |
| Appellant | No. 1962 MDA 2013 |

Appeal from the Judgment of Sentence October 1, 2013
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005791-2012

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

CONCURRING OPINION BY BOWES, J.:          **FILED DECEMBER 24, 2014**

Like the learned author of the majority opinion, I believe that this Court's decisions, relative to severability, in **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014) (*en banc*), and **Commonwealth v. Valentine**, 2014 PA Super 220, are erroneous.  **See Newman**, **supra** (Mundy, J., concurring). I have more fully explained my reasons for my disagreement with those decisions in my concurring opinion in **Commonwealth v. Bizzel**, 2014 PA Super 267 (Bowes, J., concurring).  I also concur in the result in this case because I believe that those cases cannot be distinguished in a principled manner, although I am extremely hesitant to extend **Newman** and **Valentine** absent adequate briefing.[1]

---

[1]  Neither party addresses the issue upon which the majority affords relief.

In **Bizzel**, I opined that the **Newman** Court incorrectly analyzed the legislative intent aspect of the severability test. Specifically, the **Newman** majority failed to view the inquiry through the eyes of the legislature had it known that it was unconstitutional for a judge to determine facts that trigger a mandatory minimum sentence based on a preponderance of the evidence standard. **See Annenberg v. Commonwealth**, 757 A.2d 338, 347 (Pa. 2000); **see also United States v. Booker**, 543 U.S. 220, 246 (2005). Instead, the **Newman** Court focused on what the legislature intended in passing the unconstitutional version of the statute. This approach was, in light of established precedent, plain error.

For reasons detailed in my **Bizzel** concurrence, which I will not repeat herein, I believe that the burden of proof provision of § 9178 is severable from the remainder of the statute. Indeed, in that case I specifically referenced § 9178 and opined:

> Pointedly, certain Pennsylvania mandatory statutes, as applied, are unaffected by **Alleyne** [**v. United States**, 133 S.Ct. 2151 (2013),] despite their burden of proof provisions running afoul of that decision. For example, 42 Pa.C.S. § 9718 applies mandatory sentences based on the youth of the victim. In certain instances, however, the age of the victim is already included as an element of the crime, specifically with regard to various sex offenses. In those situations, there should be no impediment to sentencing the defendant under the mandatory sentence.

**Bizzel**, **supra** at ___ (Bowes, J., concurring) (citing **Commonwealth v. Matteson**, 96 A.3d 1064 (Pa.Super. 2014)).

Setting aside the issue of severability, it is apparent that the jury determined the essential facts that aggravated Appellant's sentence. The sentence in this case is simply not unconstitutional under **Alleyne** since the jury unequivocally found the fact triggering the mandatory minimum beyond a reasonable doubt since it was expressly included as an element of the offense. In this regard, the aggravating fact was included as an element of the charged offense unlike **Valentine**, where the Commonwealth asked for additional instructions to the jury relative to the facts invoking the mandatory minimum. Although this type of procedure is not new to Pennsylvania and has frequently been used in the DUI context to avoid **Apprendi v. New Jersey**, 530 U.S. 466 (2000) issues, **see Commonwealth v. Mobley**, 14 A.3d 887, 893-894 (Pa.Super. 2011), the **Valentine** Court rejected that procedure based on the reasoning of **Newman**.

While the procedure rejected in **Valentine** was not in play here, it is a distinction without a legal difference that, in this case, the triggering fact was already an element of the offense and in **Valentine** it was not. In both situations, the jury determined the fact beyond a reasonable doubt, but the statute under which the defendants were sentenced is, under **Newman**, unconstitutionally void.

Consistent with my views in **Bizzel**, absent **Newman** and **Valentine**, I would find that "where the fact-finder's findings already encompass the

necessary facts needed to subject a defendant to a mandatory minimum sentence, or the facts have been stipulated too, I would find any non-compliance with **Alleyne** to be harmless." **Bizzel**, **supra** at __ (citing **Commonwealth v. Watley**, 81 A.3d 108 (Pa.Super. 2013) (*en banc*); **Matteson**, **supra**; **United States v. Cotton**, 535 U.S. 625 (2002) (**Apprendi** violation harmless); **United States v. King**, 751 F.3d 1268, 1279 (11th Cir. 2014) (**Alleyne** violation harmless); **United States v. Harakaly**, 734 F.3d 88 (1st Cir. 2013) (same); **United States v. Mack**, 729 F.3d 594, (6th Cir. 2013) (same).

Indeed, even absent the mandatory sentencing statute, Appellant could unequivocally have been sentenced to the period of incarceration provided in this case. This is not a situation where the court lacked statutory or constitutional authority for its sentence.[2] Nonetheless, this was

---

[2] I recognize that in **Commonwealth v. Foster**, 960 A.2d 160 (Pa.Super. 2008), *affirmed*, 17 A.3d 332 (Pa. 2011) (OAJC), a decision I authored, this Court did not find dispositive, on the issue of whether the claim was a legality of sentence question, the fact that the defendant could be sentenced to the same period of incarceration absent the mandatory sentencing statute. Unlike **Foster**, where the sentence unequivocally violated the Pennsylvania Supreme Court's pronouncement in **Commonwealth v. Dickson**, 918 A.2d 95 (Pa. 2007), this sentence does not violate **Alleyne v. United States**, 133 S.Ct. 2151 (2013). I have more recently expressed reservations regarding invocation of the illegal sentencing paradigm outside of settled constructs. I have frequently commented on the difficulties of this Court and our Supreme Court in agreeing upon a settled definition of an illegal sentencing claim. **Commonwealth v. Tobin**, 89 A.3d 663 (Pa.Super. 2014); **Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa.Super. 2013) (*en banc*). I share the sentiments of the learned Justice Thomas Saylor that there is some flexibility in whether a sentence is illegal and believe careful

also true in **Valentine**, where the defendant's sentence could have been imposed under differing statutory authority.

I write further to note that I disagree with the learned majority insofar as its opinion can be read to enlarge the illegal sentencing paradigm to encompass **all** claims regarding the severability of a sentencing statute. I acknowledge that numerous cases from this Court, including an opinion which I authored, **see Commonwealth v. Watley**, 81 A.3d 108 (Pa.Super. 2013) (*en banc*), have held that **Alleyne** issues implicate the legality of sentence construct. **See also Newman**, **supra**; **Commonwealth v. Lawrence**, 99 A.3d 116 (Pa.Super. 2014); **Commonwealth v. Thompson**, 93 A.3d 478 (Pa.Super. 2014); **Matteson**, **supra**; **Commonwealth v. Munday**, 78 A.3d 661 (Pa.Super. 2013). These cases have offered differing rationales for why the issue presents an illegal sentencing question. My own view was premised on prior precedent that challenges to mandatory minimum statutes, even where there exists other statutory authority for the sentence, have been considered illegal sentencing questions. **See Watley**, **supra**.

Other cases have analogized **Alleyne** with **Apprendi**, **see Newman**, **supra**; **Munday**, **supra**, although **Apprendi** claims fit within the agreed

consideration on an issue by issue basis is warranted to determine whether a sentencing issue raises an unlawful sentence *per se*. **See Foster**, 17 A.3d 355-356 (Saylor, J., concurring). If I were writing on a clean slate, I would be hesitant to hold that every issue that implicates a mandatory minimum sentencing statute is automatically an illegal sentencing claim.

upon illegal sentencing category of sentences that exceed the statutory maximum while **Alleyne** does not. Perhaps we should revisit the question to clarify. Of course, our Supreme Court is currently considering whether **Alleyne** claims are non-waivable legality of sentence issues. **Commonwealth v. Johnson**, 93 A.3d 806 (Pa. 2014).

Reading decisions from this Court that have ruled that mandatory minimum sentencing statutes that violate **Alleyne** are both unconstitutional and non-severable in combination with precedent establishing that **Alleyne**-styled claims are legality of sentence questions, I agree the precise severability issue herein implicates illegal sentencing review. Further, in light of **Valentine**, where the defendant raised the severability argument for the first time on appeal, I am cognizant that the issue in this case is not subject to waiver on the basis that it was not leveled below. However, I add that absent adequate briefing, our Supreme Court has declined to *sua sponte* address complex illegal sentencing questions. **Commonwealth v. Briggs**, 12 A.3d 291, 344 (Pa. 2011) (declining to review Eighth Amendment and Article I, § 13 claims due to inadequate briefing); **see also Commonwealth v. Belak**, 825 A.2d 1252, 1256 n.10 (Pa. 2003) (declining to address legality of sentence question where issue was not included in petition for allowance of appeal or original brief).

Appellant has not maintained that his sentence is illegal because § 9718 is unconstitutional or that the burden of proof section of that statute

is not severable. In my view, the unconstitutionality of an entire statute, *i.e.*, whether it is non-severable, must ordinarily be argued and litigated to entitle a defendant to relief. Phrased differently, the severability of a sentencing statute is not automatically a non-waivable illegal sentencing challenge. To put this in context, I note that compelling arguments have been made that an **Alleyne**-type rationale should apply to sentencing statutes involving prior convictions. **Apprendi**, **supra** (Thomas, J., concurring); **Harris v. United States**, 536 U.S. 545 (2002) (Thomas, J., dissenting); **Almendarez–Torres v. United States**, 523 U.S. 224 (1998) (Scalia, J., dissenting) (opining that where prior convictions result in a sentence that otherwise exceeds the statutory maximum a jury determination of the prior convictions is required); **but compare Commonwealth v. Aponte**, 855 A.2d 800 (Pa. 2004); **see also Aponte**, **supra** (Saylor, J., concurring).

This Court, however, does not *sua sponte* raise and address whether such statutes are unconstitutional in their entirety absent an argument by the defendant. Pointedly, in **Watley**, **supra**, where we *sua sponte* discussed and rejected an **Alleyne** question, we did not discuss severability as that issue was simply not raised or argued. Since this issue has not been adequately developed by Appellant, and the Commonwealth has not been provided an opportunity to respond, I would recommend *en banc* review to

permit the Commonwealth to properly brief the important questions before this Court and reconsider *Valentine* and *Newman*.