J-S74002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE ROSARIO, | |
| Appellant | No. 438 EDA 2013 |

Appeal from the Judgment of Sentence Entered June 25, 2009
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0908311-2005

BEFORE:  BENDER, P.J.E., DONOHUE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 03, 2015**

Appellant, Jose Rosario, appeals *nunc pro tunc* from the life sentence imposed during resentencing on June 25, 2009, stemming from his conviction of two counts of third degree murder and related offenses.  After careful review, we affirm.

On March 13, 2005, Appellant opened fire on numerous patrons of a pool hall in Philadelphia, resulting in the deaths of two individuals and injuries to three others.  On March 27, 2007, following a jury trial, Appellant was convicted of two counts of third degree murder, 18 Pa.C.S. § 2502(c); three counts of aggravated assault, 18 Pa.C.S. § 2702; and one count of possession of an instrument of crime (PIC), 18 Pa.C.S. § 907.  On May 21,

_____

[*] Retired Senior Judge assigned to the Superior Court.

2007, the trial court sentenced Appellant to two life terms on the third degree murder convictions; 10-20 years' incarceration for each aggravated assault conviction, to be served consecutively to each other and to the life sentences; and 2½-5 years' incarceration for PIC, to be served concurrently with the life sentences.

On direct appeal from his judgment of sentence, Appellant challenged the sufficiency of the evidence supporting his convictions, and also argued that the imposition of life sentences for his third degree murder convictions was illegal. In a memorandum decision, a panel of this Court concluded that there was no merit to Appellant's sufficiency claim. However, the panel also determined that the trial court had illegally imposed one of Appellant's two life sentences for third degree murder. Accordingly, Appellant's judgment of sentence was vacated, and we remanded for resentencing. *Commonwealth v. Rosario*, 1589 EDA 2007, unpublished memorandum at 10 (Pa. Super. filed April 16, 2009).

On remand, the trial court resentenced Appellant consistently with this Court's instructions. The new sentence, imposed on June 25, 2009, was identical to the sentence imposed on May 21, 2007, except that the trial court replaced one of Appellant's life sentences with a sentence of 20-40 years' incarceration. That sentence was set to run concurrently to his life sentence for the other third degree murder conviction. Appellant did not file an appeal from the newly imposed sentence.

On May 17, 2008, Appellant filed a timely, *pro se* PCRA[1] petition seeking reinstatement of his direct appeal and post-sentence motion rights from the sentence imposed on June 25, 2009. Counsel was appointed and filed an amended PCRA petition on Appellant's behalf. On January 4, 2013, the PCRA court granted Appellant's request for reinstatement of his direct appeal rights, but denied his request for reinstatement of his post-sentence motion rights. Appellant then filed the instant appeal.

Appellant presents a single issue for our review: whether his life sentence for third degree murder is illegal under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013). In ***Alleyne***, the Supreme Court of the United States held that the Sixth Amendment requires that any fact that increases the mandatory minimum sentence for an offense must be submitted to the jury and proven beyond a reasonable doubt. We have previously held that:

> A mandatory minimum sentencing claim that invokes the reasoning of ***Alleyne*** implicates the legality of the sentence. ***Commonwealth v. Munday***, 78 A.3d 661, 664 (Pa. Super. 2013). "A challenge to the legality of the sentence may be raised as a matter of right, is non-waivable, and may be entertained so long as the reviewing court has jurisdiction." ***Commonwealth v. Robinson***, 931 A.2d 15, 19–20 (Pa. Super. 2007) (*en banc*).

***Commonwealth v. Matteson***, 96 A.3d 1064, 1066 (Pa. Super. 2014).

Here, Appellant contends his sentence was illegal under ***Alleyne*** because the trigger for his mandatory minimum sentence of life in prison,

---

[1] Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.*

his other simultaneous conviction for third degree murder, constituted a fact that was not presented to a jury or proven beyond a reasonable doubt. We note, as a threshold matter, that Appellant could not have raised this claim during his first direct appeal, because **Alleyne** was not decided until 2013. Additionally, Appellant's entire sentence was vacated during his first direct appeal, although many of the individual sentences he received during his May 21, 2007 sentencing hearing were reinstituted during the June 25, 2009 resentencing hearing, including the one at issue in the instant appeal. Moreover, Appellant's failure to raise this claim during his June 25, 2009 sentencing hearing, or in a post-sentence motion, also does not preclude our review, because Appellant's claim implicates the legality of his sentence. **Matteson**, **supra**. Thus, having concluded that Appellant's claim is properly before us, we now address its merit.

Appellant's life sentence was imposed pursuant to 42 Pa.C.S. § 9715. The operative provision of that statute reads as follows:

> [A]ny person convicted of murder of the third degree in this Commonwealth who has previously been convicted at any time of murder or voluntary manslaughter in this Commonwealth or of the same or substantially equivalent crime in any other jurisdiction shall be sentenced to life imprisonment, notwithstanding any other provision of this title or other statute to the contrary.

42 Pa.C.S. § 9715(a).

Recently, an *en banc* panel of this court found that another of Pennsylvania's mandatory minimum sentencing statutes, 18 Pa.C.S. § 7508, contained numerous provisions that were unconstitutional under **Alleyne**.

*Commonwealth v. Vargas*, ---A.3d ---, 2014 WL 7447678 (Pa. Super. December 31, 2014) (holding Section 7508 unconstitutional under *Alleyne*, relying upon *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), *Commonwealth v. Fennell*, 2014 WL 6505791 (Pa. Super. Nov. 21, 2014), and *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014)).  Therein, this Court reasoned,

> Section 7508(b) contains the following unconstitutional burdens and procedures: it declares that the substantive, "aggravating facts" contained in Section 7508(a) are "not ... an element of the crime;" it declares that notice of either the "aggravating facts" or of the applicability of the mandatory minimum sentencing statute is "not ... required prior to conviction;" it declares that the applicability of the mandatory minimum statute "shall be determined at sentencing;" it declares that the Commonwealth need only prove the "aggravating facts" by a preponderance of the evidence; and, it declares that a judge—and not a jury—is to act as the fact-finder for purposes of determining the "aggravated facts." 18 Pa.C.S.A. § 7508(b).  *Alleyne* rendered all of these burdens and procedures unconstitutional.

*Vargas*, 2014 WL 7447678 at *17.  The *Vargas* court ultimately concluded that, as was the case in *Newman* regarding 42 Pa.C.S. § 9712.1 (which had offended *Alleyne* in the same manner), the unconstitutional portions of Section 7508(b) were not severable from the remainder of Section 7508, thus rendering the entire statute unconstitutional.

Here, Section 9715(a) is not offensive to *Alleyne* on its face. However, Section 9715(b) is, in large part, similar to the *Alleyne*-offending provisions of 42 Pa.C.S. § 9712.1 and 18 Pa.C.S. § 7508.  Nevertheless, Appellant is not entitled to relief on his claim that his sentence was illegal

under **Alleyne**. **Alleyne** did not overrule a previous Supreme Court holding that a prior conviction is not an element of an offense when it is used to increase the statutory maximum for an offense. **Almendarez-Torres v. United States**, 523 U.S. 224, 247 (1998) (rejecting "petitioner's constitutional claim that his recidivism must be treated as an element of his offense").

Here, Appellant has failed to offer any justification regarding why a prior conviction should be treated differently for purposes of increasing a mandatory minimum sentence. Furthermore, Appellant does not even attempt to reconcile his argument with the Supreme Court's decision in **Almendarez-Torres**. Moreover, the **Alleyne** Court expressly recognized the continued validity of **Almendarez-Torres** in this regard. **Alleyne**, 133 S.Ct. at 2160 n.1 ("In **Almendarez–Torres** … we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today."). Here, Section 9715(b) applies exclusively to prior convictions. Consequently, Section 9715(b) does not violate **Alleyne**.

The **Alleyne** Court's referencing of **Almendarez-Torres** does not appear to be an enthusiastic endorsement of the prior-conviction exception.

Nevertheless, the use of Appellant's prior conviction[2] for third degree murder appears to conform to the general dictates of **Alleyne**. Indeed, Appellant was convicted of that other offense *by the same jury considering the offense to which the mandatory minimum was applied*; as such, Appellant's prior conviction was also *secured by proof beyond a reasonable doubt*. Thus, both **Alleyne**'s jury requirement and its beyond-a-reasonable-doubt standard were satisfied during the imposition of Appellant's mandatory minimum sentence of life imprisonment. Accordingly, we conclude that Appellant's **Alleyne**-based illegal sentencing claim lacks merit.

Judgment of Sentence **Affirmed**.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/3/2015

_____

[2] As we held in our decision on Appellant's first direct appeal, although these murders occurred at the same time, one can serve as a predicate offense for the imposition of the mandatory minimum sentence for the other.