J-S01010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CLIFFORD ANTHONY WILSON, | : | |
| | : | |
| Appellant | : | No. 422 WDA 2014 |

Appeal from the Judgment of Sentence entered on August 15, 2013
in the Court of Common Pleas of Allegheny County,
Criminal Division, No. CP-02-CR-0002854-2012

BEFORE:  GANTMAN, P.J., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:　　　　　**FILED FEBRUARY 23, 2015**

Clifford Anthony Wilson ("Wilson") appeals from the judgment of sentence imposed following his convictions of one count each of robbery, robbery of a motor vehicle, kidnapping for ransom, aggravated assault, unlawful restraint, and criminal conspiracy.  ***See*** 18 Pa.C.S.A. §§ 3701(a)(1)(ii); 3702; 2901(a)(1); 2702(a)(1); 2902(a)(1); 903.  We vacate the sentence and remand for re-sentencing.

The trial court set forth the relevant procedural history[1] as follows:

> By criminal information filed at No. CC2012-02854[,] on April 12, 2012, [Wilson] was charged with [the above-mentioned crimes].

---

[1] We will not discuss the relevant factual history of this case, as Wilson's claims on appeal relate solely to the sentence imposed by the trial court. We note that the trial court has set forth an exhaustive recitation of the underlying facts in its Opinion.  ***See*** Trial Court Opinion, 6/30/14, at 4-10.

Pursuant to [a] Motion filed by the Commonwealth, this case was joined for trial with the cases of the two co-defendants; ***Commonwealth v. Dayton Shelton***, CC2012-02856; and ***Commonwealth v. Clinton Edward Wilson***, CC2012-02855.

On May 8, 2013, [Wilson] proceeded to a non-jury trial before th[e trial c]ourt. At the conclusion of the trial on May 9, 2013, [the trial c]ourt adjudged [Wilson] guilty of all charges.

On May 10, 2013, the Commonwealth filed a "Notice of Intent to Seek Mandatory Sentencing Provisions," specifically the application of 42 Pa.C.S.[A.] § 9712.[2]

On August 15, 2013, [the trial c]ourt sentenced [Wilson] as follows:

At Count One, Robbery, not less than 5 years, nor more than 10 years of incarceration, and a consecutive 10[-]year period of probation; at Count Two, Robbery of a Motor Vehicle, not less than 5 years, nor more than 10 years of incarceration, and a consecutive 10[-]year period of probation. The Sentence at Count Two was imposed concurrently to the sentence at Count One. No further penalty was imposed as to the remaining Counts.

[N.T., 8/15/13, at 12-13]. [While the trial court did not orally mention section 9712 at sentencing, in the Sentencing Guideline

---

[2] Section 9712 states the following, in relevant part:

Except as provided under section 9716 (relating to two or more mandatory minimum sentences applicable), any person who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses), shall, if the person visibly possessed a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

42 Pa.C.S.A. § 9712(a).

Form attached to the written Order of Sentence, the trial court stated that the reason for the sentence was the mandatory minimum sentence under section 9712.]

On September 4, 2013, Counsel for [Wilson] … filed a Petition to Accept Post Sentence Motion *Nunc Pro Tunc*.

By Order dated September 13, 2013, [the trial c]ourt granted [Wilson's] Petition ….  [The trial c]ourt further granted [Wilson] additional time to amend the Post Sentence Motion[], and for [the trial c]ourt to decide the Post Sentence Motion[].

On October 11, 2013, [an] Amended Post Sentence Motion was filed on behalf of [Wilson].  The Motion contended that the verdict of guilt was contrary to the weight of the evidence ….

On February 12, 2014, the Post Sentence Motion was denied by operation of law. …

On March 12, 2014, [Wilson] filed a Notice of Appeal to the Superior Court of Pennsylvania.  By Order dated March 12, 2014, [the trial c]ourt ordered [] Wilson to file a Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).  [Wilson filed a timely Concise Statement.]

Trial Court Opinion, 6/30/14, at 1-4 (quotation marks, emphasis, and some capitalization omitted, footnote added).

On appeal, Wilson raises the following questions for our review:

1. Did the trial court act illegally in this case when it, after finding at the sentencing hearing that it was more likely than not that [Wilson] visibly possessed a firearm during the commission of the four crimes of violence of which he was convicted, imposed upon [Wilson] a five-year mandatory minimum sentence pursuant to 42 Pa.C.S.[A.] § 9712?

2. Was the trial court's action illegal since (A) [Wilson] was entitled to have a jury decide whether or not § 9712's mandatory [minimum sentence] was applicable, and to do so employing a beyond-a-reasonable-doubt standard, unless and until he waived that right; and (B) [Wilson's] waiver of his right to a jury trial did not constitute a waiver of his right to

have a jury determine if § 9712 applied beyond a reasonable doubt (inasmuch as that waiver consented only to allowing the trial court to decide his guilt or innocence of the crimes charged on the criminal complaint)?

Brief for Appellant at 3 (some capitalization omitted). We will address Wilson's claims together.

Wilson contends that the trial court imposed an illegal sentence by invoking the mandatory minimum sentence provisions of 42 Pa.C.S.A. § 9712. *Id*. at 10-11, 14-15, 19, 29-30. Wilson argues that pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013), any fact that increases the mandatory minimum sentence for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt. Brief for Appellant at 15-16; *see also id*. at 16-19, 28-29 (wherein Wilson cites to various decisions by this Court and claims that 42 Pa.C.S.A. § 9712 is unconstitutional under the reasoning of *Alleyne*). Wilson asserts that a jury must make a specific finding of whether a firearm was used in the commission of the crimes of violence. *Id*. at 10-11, 19; *see also id*. at 10, 20, 22-27 (wherein Wilson argues that his waiver of a jury trial did not constitute a waiver of his right to have a jury determine the applicability of section 9712 at sentencing). Wilson further asserts that the record belies the trial court's claim that it did not impose the mandatory minimum sentence under section 9712. *Id*. at 27. Wilson specifically points out that the Sentencing Guideline Form indicates that the trial court imposed the mandatory minimum sentence under section 9712. *Id*. Wilson claims that

because a sentence imposed under section 9712 is unconstitutional, his sentence was illegal and, accordingly, the case should be remanded for re-sentencing. *Id*. at 30.

Initially, we note that a mandatory minimum sentencing claim that invokes the reasoning of *Alleyne* implicates the legality of the sentence. *Commonwealth v. Munday*, 78 A.3d 661, 664 (Pa. Super. 2013). "A challenge to the legality of the sentence may be raised as a matter of right, is non-waivable, and may be entertained so long as the reviewing court has jurisdiction." *Commonwealth v. Robinson*, 931 A.2d 15, 19-20 (Pa. Super. 2007) (*en banc*).

Prior to Wilson's sentencing in this case, the Supreme Court of the United States decided *Alleyne*, and expressly held that any fact increasing the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the jury and found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2155-56, 2163. "The *Alleyne* decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard." *Commonwealth v. Watley*, 81 A.3d 108, 117 (Pa. Super. 2013) (*en banc*) (footnote omitted). Thus, based upon the *Alleyne* decision, section 9712 has been deemed unconstitutional. *See Commonwealth v. Valentine*, 101 A.3d 801, 811-12 (Pa. Super.

2014) (declaring that the unconstitutional provisions of section 9712(c) are not severable from the remainder of the statute, but are "essentially and inseparably connected," and therefore the statute is unconstitutional as a whole).[3]

Instantly, at sentencing, the trial court stated that it would not impose the mandatory minimum sentence, and instead, imposed a sentence of 5 to 10 years in prison, in light of the prior record score, the nature and gravity of the offenses, and Wilson's background and rehabilitative needs. **See** Trial Court Opinion, 6/30/14, at 11-12 (citing N.T., 8/15/13, at 4, 7-12). However, the Sentencing Guideline Form attached to the written Order of Sentence, which imposed the sentence of 5 to 10 years in prison, includes a written notation stating that the reason for the sentence is the mandatory

---

[3] We recognize that, since the **Alleyne** decision, this Court has upheld sentences imposed under various mandatory minimum sentencing provisions rendered unconstitutional by the **Alleyne** decision, where the facts necessary to establish application of the mandatory minimum sentence were determined by the jury beyond a reasonable doubt. **See Watley**, 81 A.3d at 121; **see also Commonwealth v. Matteson**, 96 A.3d 1064, 1066-67 (Pa. Super. 2014). However, as related to section 9712, an *en banc* panel of this Court concluded that "the entirety of the mandatory minimum sentencing statute must be stricken as unconstitutional because '[w]ithout Subsection (c), there is no mechanism in place to determine whether the predicate of Subsection (a) has been met[,]' and that it is for the legislature to create new mandatory minimum sentencing procedures in conformity with **Alleyne**." **Valentine**, 101 A.3d at 812 n.4 (citing **Commonwealth v. Newman**, 99 A.3d 86, 101, 105 (Pa. Super. 2014) (*en banc*)); **see also Commonwealth v. Wolfe**, 2014 PA Super 288 *6 (Pa. Super. 2014) (abrogating the **Matteson** decision based upon the reasoning in **Valentine** and **Newman**).

minimum sentence under 42 Pa.C.S.A. § 9712.[4]  Sentencing Guideline Form, 8/15/13.

While the trial court did not cite to section 9712 at sentencing, the Sentencing Guideline Form indicates that the trial court utilized section 9712 in crafting its sentence, as stated in the written Order of Sentence.  ***See***

***Commonwealth v. Willis***, 68 A.3d 997, 1010 (Pa. Super. 2013) (stating that "where there is a discrepancy between the sentence as written and orally pronounced, the written sentence generally controls."); ***see also id***. (stating that "[o]ral statements made by the sentencing court, but not incorporated into the written sentence signed by the court, are not part of the judgment of sentence.").  Because section 9712 has been ruled to be unconstitutional pursuant to ***Alleyne*** and ***Valentine***, and the written sentence indicates that the trial court applied section 9712, the sentence imposed upon Wilson is illegal.  Thus, we must vacate the sentence and remand for re-sentencing without consideration of the section 9712 mandatory minimum sentence.

Judgment of sentence vacated.  Case remanded for re-sentencing. Jurisdiction relinquished.

Gantman, P.J., joins the memorandum.

Jenkins, J., files a dissenting statement.

---

[4] The Sentencing Guideline Form also states that the mitigated range for the robbery conviction was 60 months in prison.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/2015