J-S60004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANGEL L. ALVAREZ-MENDOZA, | |
| Appellant | No. 1197 EDA 2014 |

Appeal from the Judgment of Sentence Entered April 11, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0001381-2013
CP-51-CR-0001382-2013
CP-51-CR-0001384-2013

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED OCTOBER 20, 2015**

Appellant, Angel L. Alvarez-Mendoza, appeals from the judgment of sentence of an aggregate term of 25 to 50 years' incarceration, imposed after a jury convicted him of, *inter alia*, two counts of rape of a child with serious bodily injury (18 Pa.C.S. § 3121(d)) , one count of unlawful contact with a minor (18 Pa.C.S. § 6318(a)(1)), and one count of involuntary deviate sexual intercourse (IDSI) with a child less than 13 years old (18 Pa.C.S. § 3123(b)).   Herein, Appellant challenges the legality of three mandatory minimum terms of incarceration imposed in his case pursuant to 42 Pa.C.S. § 9718.  After careful review, we agree with Appellant that the challenged sentences are illegal.   Therefore, we vacate his judgment of sentence and remand for resentencing.

A detailed factual recitation is unnecessary to our disposition of Appellant's appeal. However, we briefly note that Appellant's convictions stemmed from his repeated sexual abuse of three brothers, all less than 13 years old at the time of the crimes. Appellant knew the children because he had a long-standing friendship with their mother, and lived in the same neighborhood as the victims.

After a jury trial, at which each of the three victims testified, Appellant was convicted of the above-stated offenses. On April 11, 2014, he was sentenced to the aggregate term of incarceration stated *supra*. Specifically, for Appellant's two counts of rape of a child, he received consecutive, mandatory terms of 10 to 20 years' imprisonment pursuant to 42 Pa.C.S. § 9718(a)(3). For his conviction of IDSI of a child, Appellant received a concurrent, mandatory term of 10 to 20 years' incarceration pursuant to 42 Pa.C.S. § 9718(a)(1). Appellant also received a consecutive term of 5 to 10 years' incarceration for his conviction of unlawful contact with a minor.

Appellant filed a timely notice of appeal, as well as a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court issued a Rule 1925(a) opinion on November 21, 2014. Appellant presents two issues for our review:

> 1. Did not the trial court err when it imposed a mandatory sentence pursuant to 42 Pa.C.S. § 9718(a)(3) [Sentences for offenses against infant persons], where the mandatory statute requires a conviction for both 18 Pa.C.S. § 3121**(c)** [rape of a child] **and** 18 Pa.C.S. § 3121**(d)** [rape of a child with serious bodily injury] to trigger a mandatory sentence and [A]ppellant was only convicted of 18 Pa.C.S. § 3121(c)?

2. Should not [A]ppellant's sentence be vacated where it was imposed pursuant to a mandatory sentencing statute, 42 Pa.C.S. § 9718 [Sentences for offenses against infant persons], that is facially unconstitutional, non-severable and void under **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa. Super. 2014)?

Appellant's Brief at 3 (emphasis in original).

For ease of disposition, we will begin by addressing Appellant's second issue, in which he argues that based on this Court's recent holding in **Wolfe**, his three mandatory minimum sentences imposed under 42 Pa.C.S. § 9718 are illegal.[1]  Initially, we note:

> "A challenge to the legality of a sentence ... may be entertained as long as the reviewing court has jurisdiction." **Commonwealth v. Borovichka**, 18 A.3d 1242, 1254 (Pa. Super. 2011) (citation omitted). It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." **Commonwealth v. Rivera**, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). "An illegal sentence must be vacated." **Id.** "Issues relating to the legality of a sentence are questions of law[.] ... Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Akbar**, 91 A.3d 227, 238 (Pa.Super.2014) (citations omitted).

**Wolfe**, 106 A.3d at 801-02 (Pa. Super. 2014).

---

[1] Because **Wolfe** was not yet decided when Appellant filed his Rule 1925(b) statement, he asserted therein that his sentences are illegal under **Alleyne v. United States**, 133 S.Ct. 2151 (2013), and **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), *appeal denied*, 2015 WL 4960608 (Pa. 2015).  Appellant's inability to raise, before the trial court, his claim challenging the legality of his sentences under **Wolfe** does not preclude our review.  As we stated in **Wolfe**, "a challenge to the legality of sentence can never be waived[,]" and "issues pertaining to the United States Supreme Court's decision in **Alleyne** … directly implicate the legality of the sentence." **Wolfe**, 106 A.3d at 801.

- 3 -

Next, we set forth the pertinent language of section 9718:

**(a) Mandatory sentence.--**

(1) A person convicted of the following offenses when the victim is less than 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:

***

18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse)--not less than ten years.

***

(3) A person convicted of the following offenses shall be sentenced to a mandatory term of imprisonment as follows:

18 Pa.C.S. § 3121(c) and (d)--not less than ten years.

***

**(c) Proof at sentencing.--**The provisions of this section shall not be an element of the crime, and notice of the provisions of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S. § 9718.

In **Wolfe**, this Court assessed the constitutionality of section 9718 in light of the United States Supreme Court's decision **Alleyne**, and this Court's holding in **Newman**. In **Alleyne**, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt. **Alleyne**, 133 S.Ct. at 2163. Thereafter,

in **Newman**, an *en banc* panel of this Court concluded that 42 Pa.C.S. § 9712.1, a mandatory minimum sentencing statute formatted similarly to section 9718, is unconstitutional in light of **Alleyne**. In so holding, the **Newman** Court noted that section 9712.1 contains a subsection directing that the applicability of the mandatory sentence shall be found by the trial court by a preponderance of the evidence at sentencing. **See** 42 Pa.C.S. § 9712.1(c); **Newman**, 99 A.3d at 91. Because we concluded in **Newman** that subsection 9712.1(c) contradicts the rule announced in **Alleyne**, and that subsection 9712.1(c) is not severable from the remainder of the statute, this Court held that section 9712.1, as a whole, is unconstitutional under **Alleyne**. **Id.** at 98, 101.

In **Wolfe**, we reached the same conclusion regarding section 9718. In doing so, we emphasized that section 9718 contains a subsection with the same language as that in section 9712.1(c), which **Newman** deemed invalid and not severable. **Wolfe**, 106 A.3d at 805; 42 Pa.C.S. § 9718(c). Consequently, we declared that "[f]ollowing **Newman's** instructions, we are required to conclude that [s]ection 9718 is also facially unconstitutional." **Wolfe,** 106 A.3d at 805.

We did recognize in **Wolfe**, however, that section 9718 is unique, in that certain offenses to which that statute applies contain, *as an element of the crime*, the additional fact triggering applicability of the mandatory sentence. For example, in this case, Appellant was convicted of IDSI under 18 Pa.C.S. § 3123(b), which states: "A person commits involuntary deviate

- 5 -

sexual intercourse with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is *less than 13 years of age*." 18 Pa.C.S. § 3123(b) (emphasis added). For this offense, Appellant was sentenced to a mandatory term of 10 to 20 years pursuant to 42 Pa.C.S. § 9718(a)(1), which is triggered when the victim of the IDSI is "less than 16 years of age…." Thus, by convicting Appellant of IDSI of a child, the jury necessarily found, beyond a reasonable doubt, the fact that invoked Appellant's mandatory sentence, *i.e.*, that the victim was less than 16 years of age.

A nearly identical scenario was addressed by our Court in **Commonwealth v. Matteson**, 96 A.3d 1064 (Pa. Super. 2014), decided shortly before **Newman**. There, Matteson was convicted of aggravated indecent assault of a child less than 13 years of age, and received a mandatory sentence under 42 Pa.C.S. § 9718(a)(1). We held that the requirements of **Alleyne** were met because, "by finding Matteson guilty of aggravated indecent assault of a child beyond a reasonable doubt, the jury specifically found the element required to impose the mandatory minimum sentence." **Matteson**, 96 A.3d at 1066.

In Appellant's case, the trial court relied on **Matteson** to reject Appellant's claim that his IDSI mandatory sentence is illegal. **See** Trial Court Opinion (TCO), 11/21/14, at 12-15. However, as the trial court concedes, **Matteson** was decided prior to **Newman**. TCO at 12. Additionally, after the trial court filed its Rule 1925(a) opinion, our Court

abrogated **Matteson** by holding, in **Wolfe**, that pursuant to **Newman**, section 9718 is unconstitutional *in its entirety*.[2]

Accordingly, in light of **Wolfe**, we are required to vacate Appellant's three mandatory minimum sentences imposed under section 9718 and remand for resentencing.[3]

Judgment of sentence vacated.  Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2015

_____

[2] We acknowledge that our Supreme Court granted *allocatur* in **Wolfe**.  **See Commonwealth v. Wolfe**, No. 63 MAL 2015, 2015 WL 4755651 (Pa. Aug. 12, 2015).  However, at this time, our holding in **Wolfe** remains binding precedent.

[3] Based on our disposition, we need not address Appellant's first issue.