[J-41D-2017] [OAJC:Saylor, C.J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 86 MAP 2016 |
| | : | |
| Appellant | : | Appeal from the Order of the Superior |
| | : | Court at No. 2125 MDA 2014 dated July |
| | : | 14, 2015, Reconsideration Denied |
| v. | : | September 17, 2015, Vacating and |
| | : | Remanding the Judgment of Sentence |
| | : | of Schuylkill County Court of Common |
| ANGEL ANTHONY RESTO, | : | Pleas, Criminal Division, at No. CP-54- |
| | : | CR-0001840-2013 dated November 24, |
| Appellee | : | 2014. |
| | : | |
| | : | ARGUED: May 9, 2017 |

## DISSENTING OPINION

**JUSTICE MUNDY**                                   **DECIDED: February 21, 2018**

Resto was sentenced pursuant to 42 Pa.C.S. § 9718(a)(3), which imposes a mandatory minimum sentence for persons convicted of certain offenses including 18 Pa.C.S. § 3121(c), the offense which Resto was found guilty of by a jury. Section 9718(c) of the sentencing statute provides as follows:

> **(c) Proof at sentencing.--** the provisions of this section shall not be an element of the crime and notice of the provisions of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S. § 9718(c). This or similar language has been the subject of scrutiny in this Commonwealth since the decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). I have maintained my personal view that statutes with the above language may be applied in certain situations, notwithstanding the language that deems sentencing enhancing facts as non-elements and directs the sentencing courts to find these non-elemental facts by a preponderance of the evidence, without running afoul of *Alleyne*. However, as a matter of adhering to this Court's precedent regarding mandatory minimum sentencing schemes in Pennsylvania, I would conclude Resto's judgment of sentence should be vacated and remanded for resentencing. Accordingly, I dissent.

In *Alleyne*, the United States Supreme Court held that pursuant to the rights afforded under the Sixth Amendment to the United States Constitution, any fact which by law increases the mandatory minimum sentence for a crime is an element of the offense and therefore must be, inter alia, submitted to a jury and found beyond a reasonable doubt. Simply put, sentencing statutes may no longer tie the imposition of a mandatory minimum sentence to a fact found by a sentencing court by a preponderance of the evidence. Following the *Alleyne* decision, the courts of this Commonwealth were tasked with how to reconcile the new rule with a number of similarly-patterned Pennsylvania sentencing statutes that direct the sentencing court to impose a mandatory minimum sentence if it finds an operative fact by a preponderance of the evidence at sentencing. *See, e.g.*, 42 Pa.C.S. § 9713.

For example, in *Commonwealth v. Matteson*, 96 A.3d 1064 (Pa. Super. 2014), the Superior Court considered the post-*Alleyne* constitutional viability of 42 Pa.C.S. § 9718(a)(3), the sentencing statute at issue in this case. The court concluded the mandatory minimum sentence could withstand an *Alleyne* challenge because "the jury specifically found the element required to impose the mandatory minimum sentence."

*Matteson*, 96 A.3d at 1066. Implicit in the panel's reasoning in *Matteson* is the notion that the statute could be applied without regard to the procedure the Legislature crafted that required the essential fact be found at sentencing, by a preponderance of the evidence, and defining the fact as a sentencing factor rather than as an element of the underlying offense. *See also Commonwealth v. Tobin*, 89 A.3d 663, 665 n.1 (Pa. Super. 2014) (concluding *Alleyne* was not violated by the imposition of a mandatory minimum based on the amount of marijuana found on a drug dealer pursuant to 18 Pa.C.S. § 7508(a)(1)(i) where defendant pleaded guilty and admitted to possessing twenty marijuana plants). Seemingly, then, the relevant inquiry appeared to center on whether there was a violation of the *Alleyne* rule as applied to each defendant, i.e., whether it was necessary for the sentencing court to find the operative fact or whether it had been conceded by the defendant or otherwise found by the jury and not specifically on the statutorily proscribed procedure at sentencing. However, in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super 2014) (en banc), the Superior Court squarely addressed whether the legislatively enacted sentencing procedure at 42 Pa.C.S. § 9712.1 could be severed from the rest of the statute which articulated the necessary fact to impose the mandatory minimum sentence.[1] The court concluded, "[p]lainly,

---

[1] In relevant part, Section 9712.1 provides:

> **(a) Mandatory sentence.--** Any person who is convicted of section 13(a)(30) of [35 P.S. § 780-113], known as The Controlled Substance, Drug, Device and Cosmetic Act, when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance, shall likewise be sentenced to a minimum sentence of at least five years of total confinement.
>
> . . .

(continued…)

Section 9712.1 can no longer pass constitutional muster" because it requires the sentencing court to increase the minimum sentence if it finds that a defendant was dealing drugs while possessing or in close proximity to a firearm. *Id.* at 98. It continued that, under the mandates of *Alleyne*, the fact increasing the minimum sentence, i.e., the possession of a firearm, must be included in the indictment and found by a jury. *Id.* In rejecting the Commonwealth's position that the constitutionally offensive subsection could be excised and the remainder of the statute applied if a sentencing jury is empaneled to find the extra-judicial fact, the *Newman* Court concluded that such action would be usurping the role of the Legislature: "[w]e find it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania." *Id.* at 102.

As a member of the en banc panel in *Newman*, I agreed that Newman's sentence was unconstitutional. However, I disagreed with the majority's holding that the entire sentencing statute was rendered unconstitutional by *Alleyne*. *See id.* at 104 (Mundy, J., concurring). I expressed my view that voiding the statute as a whole was contrary to the Statutory Construction Act, 1 Pa.C.S. § 1925.[2] Specifically, I differed

_____

(…continued)

> **(c) Proof at sentencing.--** Provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S. § 9712.1

[2] Section 1925 provides:

(continued…)

with the majority's reasoning that there was no constitutional way to apply the mandatory minimum sentence pursuant Section 9712.1 once the "proof at sentencing provision" was stricken:

> Although [Section 9712.1 creates] a new aggravated offense, it does not follow that there is "no mechanism" for its application in future cases. To the contrary, *Alleyne* has already specified the mechanism for such an application. The jury should be instructed on the elements of the core crime, in this case [possession with intent to deliver a controlled substance], and the aggravated offense, and the factfinder is free to find a defendant guilty or not guilty of the core and/or the aggravated offense beyond a reasonable doubt as required by the Sixth Amendment. Thereafter, the trial court shall sentence the defendant consistent with the jury's verdict, as required by the Sixth Amendment. . . . Section 9712.1(a) gives the elements of the aggravated offense and *Alleyne* and pre-existing procedure provides the method of implementation, a jury verdict with proof beyond a reasonable doubt. Therefore, no special mechanism is required.

*Id.* at 105.

---

(…continued)

### § 1925. Constitutional construction of statutes

> The provisions of every statute shall be severable. If any provision of any statute or the application thereof to any person or circumstance is held invalid, the remainder of the statute, and the application of such provision to other persons or circumstances, shall not be affected thereby, unless the court finds that the valid provisions of the statute are so essentially and inseparably connected with, and so depend upon, the void provision or application, that it cannot be presumed the General Assembly would have enacted the remaining valid provisions without the void one; or unless the court finds that the remaining valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.

1 Pa.C.S. § 1925.

In *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015), this Court provided further guidance on the issue of the severability of a constitutionally infirm, but legislatively mandated, sentencing procedure, where the sentencing judge is assigned the role of factfinder at sentencing. Our analysis led us to decidedly endorse the severance rationale employed in *Newman*. Hopkins was convicted of possession with intent to deliver and sentenced to a mandatory minimum sentence of two years' imprisonment pursuant to 42 Pa.C.S. § 6317(a), based on a judicial finding that the drug offense occurred within 1,000 feet of a school. As with other sentencing statutes rendered void under *Alleyne* and *Newman*, Section 6317 provided "[t]he provisions of this section shall not be an element of the crime. . . . The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine by a preponderance of the evidence if this section is applicable." 18 Pa.C.S. § 6317(b).

Recognizing that the Statutory Construction Act creates a presumption that statutes are severable and shall be enforced unless the valid provisions of the statute are inseparably connected with and dependent upon the void provisions, this Court examined each subsection of the statute to ascertain which provisions were void and whether the mandatory minimum could be applied without consideration of the portions that ran afoul of *Alleyne*. This Court held that the provisions specifying the proximity of the drug transaction to the school and the age of the defendant did not offend *Alleyne*; however, the remainder of the statute, given the Legislature's clear intent that it was a sentencing statute, was invalid and could not be severed.

> In sum, as detailed above, we find that numerous provisions of Section 6317 are unconstitutional in light of the United States Supreme Court decision in *Alleyne*. After *Alleyne*, these aspects of the statute--that the provisions are declared not to be elements of the offense, that notice is not required prior to conviction, that factfinding is conducted at

sentencing, that the sentencing court performs factfinding, that the applicable standard is preponderance of the evidence, and that the Commonwealth has the right to appeal where the imposed sentence was found to be in violation of the statute--are now infirm. . . .

[T]he General Assembly has unambiguously expressed its intent regarding the nature of this mandatory minimum sentencing statute: it is a ***sentencing*** statute. . . . Yet, virtually every provision of Section 6317 enacted by the legislature to effectuate this intent runs afoul of the notice, jury trial, burden of proof, and post-trial rights of the accused after *Alleyne*. These provisions are elaborate, express, and detailed, and are no mere add ons, but, rather, are prominent and central features of the statute. In contemplating the significant rights that come with the United States Supreme Court's marked transformation of sentencing factors into elements of a new aggravated offense, and the resulting evisceration of essential aspects of Section 6317, we find that the unoffending provisions of this statute--the proximity and age requirements--standing alone, are incomplete and incapable of being executed in accordance with legislative intent. 1 Pa.C.S. § 1925. By operation of *Alleyne*, Section 6317 has been stripped of all features that allow it to function as a sentencing statute.

*Hopkins*, 117 A.2d at 259-60 (footnote and some citations omitted; emphasis in original).

This Court again confronted the effect of *Alleyne* on a mandatory minimum sentencing statute in *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016).[3] Wolfe was convicted of involuntary deviate sexual intercourse with a complainant who is less than 16 years of age, 18 Pa.C.S. § 3123(a)(7), and received a mandatory minimum sentence

_____

[3] *Wolfe* came to this Court following the Commonwealth's appeal from the published Superior Court decision in *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa. Super. 2014). Writing for the panel of the Superior Court, I concluded Wolfe was entitled to resentencing based on the decision in *Newman*. I made clear that despite my disagreement with *Newman*'s severability analysis, "it is binding on the [Superior Court] and must be applied in a principled manner in all future cases unless reversed by the Supreme Court." *Wolfe*, 106 A.2d at 803 n. 4.

pursuant to Section 9718(a), which provides that "[a] person convicted of [18 Pa.C.S. § 3123] *when the victim is less than 16 years of age* shall be sentenced to" a mandatory term of not less than ten years. *See* 42 Pa.C.S. § 9718(a)(1) (emphasis added). This presented an incongruity not faced in *Newman* or *Hopkins* because, in each of these cases, the extra-judicial fact that the sentencing court was required to consider was not subsumed within the elements of the underlying offense. However, pursuant to Section 9718, despite subsection (c)'s directive that "provisions of this section shall not be an element of the crime" the requisite fact necessary to impose the mandatory minimum sentence, i.e., the age of the victim, was included as an element of the crime for which Wolfe was being sentenced. *Compare* 42 Pa.C.S. § 9718(a)(1) *with* 18 Pa.C.S. § 3123(a)(7). Accordingly, the Commonwealth posited, broadly, that there was no violation of *Alleyne* in the first instance because Section 9718(a) standing alone, could operate to impose the sentence without consideration of the other violative provisions based on the triggering fact being an element of the offense. We disagreed.

> [W]e reaffirm our position in *Hopkins* in all material respects and conclude that it applies here. [W]e differ with the Commonwealth's position that Section 9718 does not require judicial fact-finding and that Section 9718(a), standing alone, is all that is required to impose the mandatory minimum sentence. To the contrary, Section 9718 does plainly and explicitly require judicial fact-finding in its subsection (c). *See* 42 Pa.C.S. 9718(c) ("The applicability of this section shall be determined at sentencing . . . by a preponderance of the evidence."). Moreover, since subsection (c) is integral to the statute, Section 9718(a) does not stand alone. *See id.*
>
> Similarly, we regard the suggestions by the Commonwealth and its *amicus* that Section 9718(c) can be deemed preempted, moot, dormant, or irrelevant--or can be otherwise disregarded or overlooked--to be tantamount to severance. The severance doctrine is the appropriate mechanism for testing whether some provisions of an otherwise unconstitutional statute may stand. *See, e.g. Hopkins¸* 117 A.3d at 259-262 (applying the severance

doctrine in determining "whether the statute can survive without [unconstitutionally] invalid provisions"). Accordingly, in our considered judgment, Section 9718 rises or falls based on the application of such principles, and, based on their application in *Hopkins*, it is the latter outcome which must prevail.

*Wolfe*, 140 A.3d at 660-61. Moreover, we noted that a sentence based on a statute found to be non-severable and unconstitutional is void. *Id.* at 661. We explained the fact that the jury at Wolfe's trial found the victim to be less than 16 years of age did not alter the procedure in place to impose the mandatory minimum sentence: "although the jury at [Wolfe's] trial plainly decided that the victim was under 16 years of age, the sentencing court was bound to make its own determination at sentencing, *see* 42 Pa.C.S. § 9718(c), but it could not do so in a manner consistent with *Alleyne*." *Id.* The Court held that "Section 9718 is irremediably unconstitutional on its face, non-severable, and void." *Id.* at 663.

This Court granted review in this matter to revisit the constitutionality of Section 9718. In my view, the answer has been foreshadowed by the *Hopkins* decision and unequivocally answered by *Wolfe*. Notwithstanding the facial absurdity of deeming a conviction for which one is being sentenced as an extra-judicial fact, this Court has declared "Section 9718 does plainly and explicitly require judicial fact-finding in its subsection (c). . . . Moreover, since subsection (c) is integral to the statute, **Section 9718(a) does not stand alone**." *Id.* at 660-61 (emphasis added).

The Opinion Announcing the Judgment of the Court ("OAJC") cannot be reconciled with the jurisprudence established in *Hopkins* and *Wolfe*. Those decisions ground their analyses in principles of severance, highlighting, for instance, the legislature's apparent intent in crafting the schemes and the prominence of the relevant subsection delineating the proof-at-sentencing procedure. *See Hopkins*, 117 A.2d at 259; *Wolfe*, 140 A.3d at 660-61. Because of the Court's narrow focus on the

severability of the offending subsection, the Court has somewhat divorced itself from the broader and foundational question of whether the requirements of *Alleyne* were met and instead held as a matter of Pennsylvania's severability jurisprudence that the statutes were void. *Cf. Wolfe*, 140 A.3d 666-67 (Todd, J., dissenting) (disagreeing that Wolfe's sentence could be unconstitutional where the operative fact was an element of the underlying offense because he "received the benefit of every constitutional right recognized by the high court in *Alleyne*.").

Writing on a clean slate, I would hold Resto is not entitled to relief, just as I have maintained that sentencing statutes are severable and the relevant inquiry is whether the mandates of *Alleyne* have been satisfied. *See Newman*, 99 A.3d at 104-05 (Mundy, J., concurring); *see also Commonwealth v. Fennel*, 105 A.3d 13, 18 n. 3 (Pa. Super. 2014); *Commonwealth v. Cardwell*, 105 A.3d 748, 752 n. 2 (Pa. Super. 2014). However, the slate is not clean, and this Court has unambiguously held that there are no set of circumstances under which these sentencing statutes may be applied in this Commonwealth.

The OAJC posits that a conviction returned by a jury "is not the same as an aggravating fact." OAJC at 4. Further, that the conviction itself serves as "a contemporaneous jury determination" and therefore the *Alleyne* concern of facts determined at sentencing is not present. *Id.* It then concludes that the presumption of severability embodied in the Statutory Construction Act remains operative for this discrete subsection. *Id.* at 5. Respectfully, when read with *Wolfe*, I agree with my concurring colleagues that these points are distinctions without any meaningful difference. *See* Justice Dougherty's Concurring Opinion at 1-2; Justice Todd's Concurring Opinion at 1; 9-13.

Directly addressing the recent decision from this Court in *Wolfe*, which declared Section 9718 void on its face, the OAJC suggests it employed "loose language" without fully considering the operation of Section 9718(a)(3) and further implying that language not specifically tailored to Section 9718(a)(1) should not be closely considered because judicial-drafting is frequently done without consideration of its consequences. *Id.* at 7; *see id.* at 7 n. 3. The suggestion that the specific and clear holding of *Wolfe* was a result of some failure of this Court to foresee how it may be applied in future cases is belied by the decision itself. Indeed, from a dissenting posture, Justice Todd specifically noted that convictions themselves serve as the predicate fact for operation of the mandatory minimum. *Wolfe*, 140 A.3d 651, 665 n. 3 (Todd, J., dissenting). The Court nonetheless determined that severability principles precluded the imposition of any mandatory minimum sentence under Section 9718. Plainly, the same result is compelled here.

The *Wolfe* Court, following the decision in *Hopkins*, held that the procedural mandates of Section 9718 are so interwoven with the substantive provisions as to be non-severable and facially unconstitutional. *Wolfe*, 140 A.3d at 663. Furthermore, this Court recently acknowledged that **any** mandatory sentencing procedures fashioned in this manner are no longer valid in Pennsylvania.

> As that sentencing provision [42 Pa.C.S. § 9712.1] has been rendered unconstitutional on its face by *Hopkins* and *Wolfe*, it is as if that statutory authority never existed. *See Wolfe*, 140 A.3d at 661 (quoting 16 C.J.S. *Constitutional Law* § 265 (2016) ("[A]n unconstitutional, non-severable statute is 'not law, has no existence, is a nullity, or has no force or effect or is inoperative.'")).

*Commonwealth v. Barnes*, 151 A.3d 121, 127 (Pa. 2016).

In my judgment, applying the state law principles of severance to Section 9718 as this Court has in *Hopkins* and *Wolfe*, there is no statutory authority to impose the

sentence.[4]  Thus, I would conclude the sentence is illegal and was properly vacated.

*See Commonwealth v. Leverette*, 911 A.2d 998, 1001-02 (Pa. Super. 2006).

Accordingly, I dissent.

---

[4] As noted throughout, since the courts began grappling with *Alleyne*-premised challenges, I have been of the view that as long as the factfinder decides the predicate fact beyond a reasonable doubt, a sentencing court may impose a mandatory minimum sentence.  However, I have equally recognized the importance of applying legal precedent in a principled and even manner.  In my judgment, because the bench and the bar rely on this Court to provide clear guidance on legal issues, we should strive to adhere to the doctrine of stare decisis.  *See Stilp v. Commonwealth*, 905 A.2d 918, 966–67 (Pa. 2006).