J-A26024-14

2014 PA Super 288

COMMONWEALTH OF PENNSYLVANIA      IN THE SUPERIOR COURT OF
                  PENNSYLVANIA
                 Appellee

                     v.

MATTHEW BRYAN WOLFE

                 Appellant          No. 1962 MDA 2013

Appeal from the Judgment of Sentence October 1, 2013
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005791-2012

BEFORE: BOWES, J., MUNDY, J., and JENKINS, J.

OPINION BY MUNDY, J.:               **FILED DECEMBER 24, 2014**

     Appellant, Matthew Bryan Wolfe, appeals from the October 1, 2013,

aggregate judgment of sentence of ten to 20 years' imprisonment, imposed

after he was found guilty of two counts of involuntary deviate sexual

intercourse (IDSI), one count of unlawful contact with a minor, four counts

of statutory sexual assault, and one count of corruption of minors.[1] After

careful review, we vacate and remand for resentencing.

     We summarize the relevant factual and procedural background of this

case as follows. On January 15, 2013, the Commonwealth filed an

information charging Appellant with the above-mentioned offenses, as well

---

[1] 18 Pa.C.S.A. §§ 3123(a)(7), 6318(a)(1), 3122.1(a)(1), and 6301(a)(1)(i),
respectively.

as two additional counts of IDSI, and one count each of aggravated indecent assault and indecent exposure.[2]  On June 12, 2013, Appellant proceeded to a two-day jury trial, at the conclusion of which Appellant was found guilty of two counts of IDSI, one count of unlawful contact with a minor, four counts of statutory sexual assault, and one count of corruption of minors.  The jury acquitted Appellant of one count each of IDSI and aggravated indecent assault.  The fourth IDSI count and the indecent exposure count were dismissed by the trial court.

On October 1, 2013, the trial court imposed an aggregate sentence of ten to 20 years' imprisonment.  Relevant to this appeal, Appellant received a ten-year mandatory minimum sentence for each IDSI count pursuant to 42 Pa.C.S.A. § 9718(a)(1).  Appellant did not file a post-sentence motion.  On October 31, 2013, Appellant filed a timely notice of appeal.[3]

On appeal, Appellant raises the following issue for our review.

> In the context of imposing [a] sentence for otherwise consensual oral sex activity between a defendant as young as 18 and a complainant between the ages of 13 and 16, does Pennsylvania's entire sentencing scheme violate [Appellant]'s constitutional rights to equal protection of the laws, due process, and the right against cruel and unusual punishment because it imposes vastly greater sentences for otherwise consensual oral sex activity by means of the 10-year

---

[2] 18 Pa.C.S.A. §§ 3125(a)(8) and 3127(a), respectively.

[3] Appellant and the trial court have complied with Pa.R.A.P. 1925.

- 2 -

mandatory provision at 42 Pa.C.S. § 9718 than it does for otherwise consensual vaginal sex activity?

Appellant's Brief at 5.

At the outset, we note that Appellant's sole issue on appeal challenges the constitutionality of the mandatory minimum sentencing provision at Section 9718. Appellant avers that Section 9718 violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment, as well as the Cruel and Unusual Punishment Clause of the Eighth Amendment. However, we need not address these arguments, as we conclude that Appellant's sentence is illegal on a different basis.

We begin by noting that a challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte*. ***Commonwealth v. Orellana***, 86 A.3d 877, 883 n.7 (Pa. Super. 2014) (citation omitted). We further note that issues pertaining to the United States Supreme Court's decision in ***Alleyne v. United States***, 133 S. Ct. 2151 (2013), directly implicate the legality of the sentence. ***Commonwealth v. Lawrence***, --- A.3d ---, 2014 WL 4212715, *6-7 (Pa. Super. 2014). With this in mind, we proceed by noting our well-settled standard of review of questions involving the legality of a sentence.

"A challenge to the legality of a sentence … may be entertained as long as the reviewing court has jurisdiction." ***Commonwealth v. Borovichka***, 18 A.3d 1242, 1254 (Pa. Super. 2011) (citation omitted). It is also well-established that "[i]f no statutory authorization exists for a particular

sentence, that sentence is illegal and subject to correction."
***Commonwealth v. Rivera***, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). "An illegal sentence must be vacated." ***Id.*** "Issues relating to the legality of a sentence are questions of law[.] … Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Akbar***, 91 A.3d 227, 238 (Pa. Super. 2014) (citations omitted).

In this case, Appellant was sentenced under the mandatory minimum statute at Section 9718, which provides in relevant part, as follows.

> **§ 9718. Sentences for offenses against infant persons**
>
> **(a) Mandatory sentence.--**
>
>> (1) A person convicted of the following offenses when the victim is less than 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:
>>
>> …
>>
>> 18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse)--not less than ten years.
>
> …
>
> **(c) Proof at sentencing.--**The provisions of this section shall not be an element of the crime, and notice of the provisions of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at

sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

…

42 Pa.C.S.A. § 9718.

In **Alleyne**, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. **Alleyne**, **supra** at 2163. **Alleyne** is an extension of the Supreme Court's line of cases beginning with **Apprendi v. New Jersey**, 530 U.S. 466 (2000). In **Alleyne**, the Court overruled **Harris v. United States**, 536 U.S. 545 (2002), in which the Court had reached the opposite conclusion, explaining that there is no constitutional distinction between judicial fact finding which raises the minimum sentence and that which raises the maximum sentence.

It is impossible to dissociate the floor of a sentencing range from the penalty affixed to the crime. Indeed, criminal statutes have long specified both the floor and ceiling of sentence ranges, which is evidence that both define the legally prescribed penalty. This historical practice allowed those who violated the law to know, *ex ante,* the contours of the penalty that the legislature affixed to the crime—and comports with the obvious truth that the floor of a mandatory range is as relevant to wrongdoers as the ceiling. A fact that increases a sentencing floor, thus, forms an essential ingredient of the offense.

Moreover, it is impossible to dispute that facts increasing the legally prescribed floor aggravate the punishment. Elevating the low-end of a sentencing range heightens the loss of

> liberty associated with the crime: the defendant's expected punishment has increased as a result of the narrowed range and the prosecution is empowered, by invoking the mandatory minimum, to require the judge to impose a higher punishment than he might wish. Why else would Congress link an increased mandatory minimum to a particular aggravating fact other than to heighten the consequences for that behavior? This reality demonstrates that the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to the jury.

> *Alleyne*, *supra* at 2160-2161 (internal quotation marks and citations omitted).

*Commonwealth v. Miller*, --- A.3d ---, 2014 WL 4783558, *4-5 (Pa. Super. 2014).

In *Commonwealth v. Newman*, --- A.3d ---, 2014 WL 4088805 (Pa. Super. 2014) (*en banc*), this Court confronted the same type of challenge to the mandatory minimum sentence found at Section 9712.1, regarding the proximity between drugs and guns. *See id.* at *3. Section 9712.1 had the same format as Section 9718 insofar that one subsection contains the additional fact that triggers the mandatory penalty, and another subsection states that this fact shall be found by the trial court by a preponderance of the evidence at sentencing. *See id.*, *quoting* 42 Pa.C.S.A. §§ 9712.1(a), 9712.1(c); 42 Pa.C.S.A. §§ 9718(a), 9718(c).

The *Newman* Court first concluded that the defendant's sentence was illegal in light of *Alleyne* and required this Court to vacate and remand for

resentencing. *Id.* at \*10. However, this Court further noted that **Alleyne**

issues are subject to harmless error analysis but that the **Alleyne** issue in

**Newman** was not harmless. *Id.* at \*11-12. Finally, this Court rejected the

Commonwealth's argument that, if the error was not harmless, the

appropriate remedy would be to remand to the trial court to empanel a

second sentencing jury. Specifically, in rejecting this argument, the

**Newman** Court concluded that Section 9712.1 in its entirety must be struck

down as unconstitutional in light of **Alleyne**, concluding that its subsections

were not severable.[4]

> The Commonwealth's suggestion that we remand for a sentencing jury would require this court to manufacture whole cloth a replacement enforcement mechanism for Section 9712.1; in other words, the Commonwealth is asking us to legislate. We recognize that in the prosecution of capital cases in Pennsylvania, there is a similar, bifurcated process where the jury first determines guilt in the trial proceeding (the guilt phase) and then weighs aggravating and mitigating factors in the sentencing proceeding (the penalty phase). However, this mechanism was created by the General Assembly and is enshrined in our statutes at 42 Pa.C.S.A. § 9711. We find that it is manifestly the province of the General Assembly to determine what new

---

[4] The author in this case concurred in the result in **Newman**, disagreeing with the majority that the subsections of Section 9712.1 could not be severed and concluding that no special "mechanism" was required to allow a jury to find the element of the aggravated offense beyond a reasonable doubt. *Id.* at \*17 (Mundy, J., concurring). The author continues to believe **Newman** was wrongly decided on that point; however, it is binding on this Court and must be applied in a principled manner in all future cases unless reversed by our Supreme Court.

procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following **Alleyne**.  We cannot do so.

**Id.** at *14.[5]

We are also mindful of this Court's recent decision in **Commonwealth v. Valentine**, --- A.3d ---, 2014 WL 4942256 (Pa. Super. 2014).   In **Valentine**, the Commonwealth sought to have a mandatory minimum sentence imposed against the defendant.   The trial court allowed the Commonwealth to amend the information to include the necessary additional factual elements required by **Alleyne** to be found by the jury beyond a reasonable doubt.[6]   **Id.** at *1.   The two questions were submitted to the jury, and it found the additional elements beyond a reasonable doubt.   **Id.**

---

[5] We note the Commonwealth has filed a petition for allowance of appeal with our Supreme Court in **Newman**, docketed at 646 MAL 2014.  As of the date of this decision, it is still pending.

[6] In **Valentine**, the two questions submitted to the jury were as follows.

> Did the Defendant Jose R. Valentine, visibly possess a firearm, whether or not the firearm was loaded or functional, that placed [the victim] in reasonable fear of serious bodily injury during his commission of the above-described robbery offense?

> Did the Defendant Jose R. Valentine, in whole or in part, commit the above-described robbery offense at or near a Septa bus stop, or in the immediate vicinity of a Septa bus stop?

**Valentine**, **supra** at *1 (citation omitted); **see also generally** 42 Pa.C.S.A. §§ 9712, 9713.

As a result, the trial court imposed the appropriate mandatory minimum sentences pursuant to the appropriate statutes. *Id.*

Although the trial court seemingly followed *Alleyne*'s requirements, the *Valentine* Court held the trial court was not permitted to allow the jury to resolve the mandatory minimum questions absent legislative action, in accordance with *Newman*.

> Here, the trial court permitted the jury, on the verdict slip, to determine beyond a reasonable doubt whether Appellant possessed a firearm that placed the victim in fear of immediate serious bodily injury in the course of committing a theft for purposes of the mandatory minimum sentencing provisions of 42 Pa.C.S.A. § 9712(a), and whether the crime occurred in whole or in part at or near public transportation, for purposes of the mandatory minimum sentencing provisions of 42 Pa.C.S.A. § 9713(a). The jury responded "yes" to both questions. In presenting those questions to the jury, however, we conclude, in accordance with *Newman*, that the trial court performed an impermissible legislative function by creating a new procedure in an effort to impose the mandatory minimum sentences in compliance with *Alleyne*.

> The trial court erroneously presupposed that only Subsections (c) of both 9712 and 9713 (which permit a trial judge to enhance the sentence based on a preponderance of the evidence standard) were unconstitutional under *Alleyne*, and that Subsections (a) of 9712 and 9713 survived constitutional muster. By asking the jury to determine whether the factual prerequisites set forth in § 9712(a) and § 9713(a) had been met, the trial court effectively determined that the unconstitutional provisions of § 9712(c) and § 9713(c) were severable. Our decision in *Newman* however holds that the unconstitutional provisions of § 9712(c) and § 9713(c) are not severable but "essentially and

inseparably connected" and that the statutes are therefore unconstitutional as a whole. *Id.* at 13–14. ("If Subsection (a) is the predicate arm … then Subsection (c) is the enforcement arm. Without Subsection (c), there is no mechanism in place to determine whether the predicate of Subsection (a) has been met.").

Moreover, ***Newman*** makes clear that "it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following ***Alleyne.***" ***Newman*** at 14. Therefore, the trial court lacked the authority to allow the jury to determine the factual predicates of §§ 9712 and 9713. ***See Newman*** at 14–15 (recognizing that several trial courts of this Commonwealth have found Section 9712.1 as a whole to be no longer workable without legislative guidance).

*Id.* at *8. As a result, this Court vacated Valentine's judgment of sentence and remanded for resentencing, without the applicable mandatory minimum sentences. *Id.* at *9.

As noted above, the mandatory minimum statute in this case contains the same format as the statutes struck down as facially unconstitutional in ***Newman*** and ***Valentine***. ***See*** 42 Pa.C.S.A. §§ 9712(a), 9712(c), 9712.1(a), 9712.1(c), 9713(a), 9713(c), 9718(a), 9718(c). Following ***Newman***'s instructions, we are required to conclude that Section 9718 is also facially unconstitutional.

We recognize that this specific case is unique insofar that the additional fact triggering the mandatory sentence is also contained as an element within the subsection of the IDSI statute under which Appellant was

convicted. ***Compare*** 42 Pa.C.S.A. § 9718(a)(1) (stating, "[a] person convicted of the following offenses **when the victim is less than 16 years of age** shall be sentenced to a mandatory term of imprisonment[]"), ***with*** 18 Pa.C.S.A. § 3123(a)(7) (stating that a person is guilty of IDSI if he or she engages in "deviate sexual intercourse" with a complainant "**who is less than 16 years of age** and the person is four or more years older than the complainant and the complainant and person are not married to each other[]") (emphases added). Therefore, in order to convict Appellant of IDSI, the Commonwealth was already required to prove beyond a reasonable doubt that the victim was less than 16 years old.

However, we are not concerned with Appellant's conviction in this appeal, only the imposition of the mandatory minimum sentence. In ***Commonwealth v. Matteson***, 96 A.3d 1064 (Pa. Super. 2014), the defendant was convicted of aggravated indecent assault of a child, which includes as an element of the offense that the victim is less than 13 years of age. ***See*** 18 Pa.C.S.A. § 3125(b). Matteson was sentenced to a ten-year mandatory minimum under Section 9718(a)(2), which requires the imposition of said minimum sentence for certain "offenses when the victim is less than 13 years of age[.]" 42 Pa.C.S.A. § 9718(a)(2). This Court concluded that the trial court did not err under ***Alleyne*** in imposing the mandatory minimum sentence.

> Here, Matteson was charged with aggravated indecent assault of a child, which requires, *inter alia,*

that the victim is less than 13 years of age. *See* 18 Pa.C.S.A. § 3125. The victim testified that she was 11 years old at the time of the incident. N.T., 10/28/13, at 1. The jury received an instruction that it was required to find that the victim was less than 13 years of age. Trial Court Opinion, 3/4/14, at 4. Therefore, by finding Matteson guilty of aggravated indecent assault of a child beyond a reasonable doubt, the jury specifically found the element required to impose the mandatory minimum sentence. ***See*** [***Commonwealth v.***] ***Watley***, 81 A.3d [108,] 121 [(Pa. Super. 2013) (*en banc*)] (concluding that the appellant's mandatory minimum sentence under section 9712.1 was not illegal under ***Alleyne*** because the jury, by virtue of its verdict of guilty on the possession of firearms charges, rendered a specific finding as to whether the appellant possessed the handguns)[, *appeal denied*, 95 A.3d 277]. Thus, the requirements of ***Alleyne*** have been met, and Matteson's claim is without merit.

In his second claim, Matteson contends that the mandatory minimum provisions of 42 Pa.C.S.A. § 9718 are unconstitutional. Brief for Appellant at 9–10.

As noted above, the language that increases a defendant's sentence based on a preponderance of the evidence standard in section 9718 has been found unconstitutional. ***See Watley***, 81 A.3d at 117. However, since the jury found that the Commonwealth proved every element of aggravated indecent assault of a child beyond a reasonable doubt, including a victim under the age of 13, the trial court properly imposed the mandatory minimum sentence.

***Id.*** at 1066-1067.

In ***Valentine***, this Court noted the tension between ***Newman***, ***Watley***, and ***Matteson***. ***See Valentine***, ***supra*** at *9 n.4. However, the

*Valentine* Court concluded that *Newman* controlled based on the conclusion in *Newman* that the subsections of the mandatory minimum statutes in Pennsylvania cannot be severed. *Id.* Based on the above passage, it appears that the *Matteson* Court concluded that Section 9718(a)(2) could still be constitutionally applied since the Commonwealth "proved every element of aggravated indecent assault of a child beyond a reasonable doubt, including a victim under the age of 13[.]" *Matteson*, *supra* at 1067. However, the *Matteson* Court could not reach that conclusion, unless it first concluded implicitly that the various subsections of Section 9718 were severable. Pursuant to this Court's decision in *Newman*, we conclude this is not correct. In our view, *Newman* abrogated this Court's decision in *Matteson*.[7]

Likewise, in this case, although the jury was required to find that the victim was less than 16 years of age in order to convict Appellant, we cannot ignore the binding precedent from an *en banc* decision of this Court. *See Commonwealth v. Bucknor*, 657 A.2d 1005, 1007 n.1 (Pa. Super. 1995) (stating, "as a three judge panel[,] we are bound by the rulings of a court *en banc*[]"), *appeal denied*, 666 A.2d 1050 (Pa. 1995). *Newman* stands for the proposition that mandatory minimum sentence statutes in Pennsylvania of this format are void in their entirety. *Newman*, *supra*; *Valentine*,

---

[7] We note that *Matteson* was filed on July 18, 2014, and *Newman* was filed on August 20, 2014.

*supra*. As Section 9718 is indistinguishable from the statutes struck down in **Newman** and **Valentine**, we are constrained to conclude that Section 9718 is also facially void. As a result, we conclude the trial court erred in imposing the ten-year mandatory minimum.

Based on the foregoing, we are compelled to conclude that the trial court imposed an illegal sentence when it imposed the mandatory minimum sentence in this case. Accordingly, we vacate the trial court's October 1, 2013 judgment of sentence, and the case is remanded for resentencing, without the application of the Section 9718 mandatory minimum, consistent with this opinion.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Jenkins joins the opinion.

Judge Bowes files a concurring opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2014

- 14 -